<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZACHARY SHORTWAY, <br><br> Plaintiff, <br><br> v. <br><br> PACE ANALYTICAL SERVICES, LLC, <br><br> Defendant. | Civil Action No. 25-11994 (SDW) (JBC) <br><br> **WHEREAS OPINION & ORDER** <br><br> August 27, 2025 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Zachary Shortway's ("Plaintiff") Motion for Emergency Protective Oversight ("Motion") (D.E. 9), and this Court having reviewed the parties' submissions (D.E. 12; 14; 15); and

**WHEREAS** this Court has interpreted the Motion as requesting relief pursuant to Federal Rule of Civil Procedure 65 to enjoin Defendant Pace Analytical Services, LLC's ("Defendant") alleged "ongoing failure to ensure licensed oversight for multiple regulated drinking water systems across New Jersey," (D.E. 9 at 6); and

**WHEREAS** Article III of the Constitution limits federal courts to adjudicating actual "cases" or "controversies," requiring a plaintiff to establish standing for each claim and each form of relief sought. *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017); *see Los Angeles v. Lyons*, 461 U.S. 95, 105–07 (1983) (holding that a plaintiff who has standing to seek damages must also demonstrate standing to pursue injunctive relief). To establish Article III standing, Plaintiff must demonstrate an injury-in-fact that is concrete and particularized, causally connected to Defendant's conduct, and likely to be redressed by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); and

**WHEREAS** the injury stemming from Plaintiff's allegation that Defendant is endangering New Jersey's water supply is unrelated to his pending claims and describes, at most, a harm to the public at large. Plaintiff does not allege any particularized or imminent injury to himself, or that he suffers a distinct risk of harm different from other members of the general public. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (injury must be "particularized" and "affect the plaintiff in a personal and individual way"). Absent such a personal stake, the alleged harm is a generalized grievance, which federal courts lack jurisdiction to address. *Lujan*, 504 U.S. at 564 (no standing where plaintiffs alleged "some day" intentions to visit endangered species abroad); *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 482–85 (1982) (plaintiffs lacked standing where their injury was "psychological consequence presumably produced by observation of conduct with which one disagrees" and shared by all citizens); *Allen v. Wright*, 468 U.S. 737, 755–56 (1984) (rejecting standing where harm alleged was abstract and widely shared); and

**WHEREAS** while documents filed by pro se parties are construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this Court cannot create jurisdiction or supply factual allegations where none exist; therefore

Plaintiff's Motion is **DENIED** for lack of subject matter jurisdiction. This denial concerns only the Motion for injunctive relief; Plaintiff's other claims remain pending and will proceed to discovery as pled.

                                                       */s/ Susan D. Wigenton*
                                                 **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties
               James B. Clark, U.S.M.J.